PRYOR CASHMAN LLP
James A. Janowitz
Suyin So
410 Park Avenue
New York, New York 10022
(212) 421-4100
Attorneys for Plaintiff Edward Pressman Film Corporation



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

Edward R. Pressman Film Corporation,

    Plaintiff,

    -against-

Curtis E. Schroeder,

    Defendant.
-----------------------------------------------------------X

JUDGE LYNCH

07 CIV 9411

COMPLAINT

Plaintiff Edward R. Pressman Film Corporation ("Pressman" or "Plaintiff"), by and through its attorneys, Pryor Cashman LLP, as and for its complaint against Curtis E. Schroeder ("Schroeder" or "Defendant"), alleges as follows:

### BACKGROUND OF THE CASE

1.    This is an action for breach of contract arising out of Curtis E. Schroeder's failure to reimburse Edward R. Pressman Film Corporation certain monies misappropriated from Pressman during Schroeder's tenure as Chief Financial Officer of Pressman.

2.    Defendant's failure to pay Pressman under the parties' agreement has caused Pressman to suffer significant monetary damages.

## JURISDICTION AND VENUE

3.  Jurisdiction is proper pursuant to 28 U.S.C. § 1332(a) and New York C.P.L.R. § 302(a).

4.  Venue is proper pursuant to 28 U.S.C. § 1391(a)(2).

## THE PARTIES

5.  Pressman is a New York corporation with offices at 149 Wooster Street, 2d Floor, New York, New York 10012 and at 1648 Wilcox Avenue, Los Angeles, California 90028. Pressman is engaged in the production and distribution of film motion pictures.

6.  Schroeder is an individual with a last known address of 437 Via La Selva, Redondo Beach, California 90277 and a place of business at Heisman Properties, 515 South Flower Street, #3550, Los Angeles, California 90071.

## FIRST CAUSE OF ACTION
(Breach of contract)

7.  From 1991 to 1998, Schroeder was Pressman's Chief Financial Officer. His duties and responsibilities included oversight of the accounting and auditing of Pressman's finances in its New York and California offices.

8.  In 1998, Pressman discovered that under Schroeder's oversight, significant amounts of corporate funds had been irregularly accounted for a period of time beginning as early as 1996. Schroeder converted substantial funds of Pressman to his own use and breached his fiduciary duties to Pressman.

9.  Upon information and belief, Schroeder agreed to reimburse Pressman for the converted monies in exchange for Pressman's promise to refrain from litigation in connection with these amounts.

10.     Pursuant to the parties' agreement, Schroeder was to make monthly installment payments against the balance of the indebtedness. Starting on or about March 10, 1998, and continuing through December 18, 2002, Schroeder made payments in varying amounts. The amount of these payments total $10,750.00.

11.     Upon information and belief, an outstanding amount of $216,804.76 remains due and owing under the parties' agreement.

12.     Since his last payment on or about December 18, 2002, Schroeder has failed to make any additional payments on this amount despite the fact that Pressman relied on Schroeder's promise to pay and did not take legal action concerning the irregular accounting.

13.     Pressman has suffered damages in the amount of $216,804.76 as the result of Schroeder's failure to make timely payment.

## SECOND CAUSE OF ACTION
(Unjust Enrichment)

14.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 to 13 as though fully set forth herein.

15.     In exchange for Schroeder's promise to repay the irregularly accounted-for and converted monies to Pressman, Pressman agreed to forebear from further legal action or investigation of the underlying causes for the accounting irregularities.

16.     Schroeder benefited from Pressman's forebearance but has failed to adequately compensate Pressman for this benefit.

17.     Equity and good conscience militate against Schroeder's retention of this benefit without full performance of his promise to reimburse Pressman.

18.     Accordingly, in the event that this court determines that no valid or binding agreement existed between the parties, Schroeder owes to Pressman the amount of $216,804.76,

exclusive of interest, costs and disbursements, as the extent to which Schroeder has been unjustly enriched.

**WHEREFORE**, Pressman demands judgment as follows:

a) On the First Cause of Action against Schroeder in the amount of $216,804.76, plus interest, costs and disbursements;

b) On the Second Cause of Action against Schroeder in the amount of $216,804.76, plus interest, costs and disbursements; and

c) Such other and further relief as this court may deem just and proper.

Dated: New York, New York
October 19, 2007

PRYOR CASHMAN LLP

By: _____
James A. Janowitz
Suyin So
410 Park Avenue
New York, New York 10022
(212) 421-4100